CASE NO: 3:25-CV-50058

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS – WESTERN DIVISION

JAMES EARL FERGUSON, JR., U.S.A.

Plaintiff,

v.

U.S. DEPARTMENT OF THE JUSTICE, et al.,

Defendants.


FILED
APR 29 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No. 3:25-cv-50058

Hon. Iain D. Johnston

**PLAINTIFF MOTION TO ISSUE WRIT OF MANDAMUS AND PLAINTIFF'S MOTION TO COMPEL FULL DISCLOSURE AND ENFORCEMENT OF STATUTORY TRANSPARENCY UNDER FOIA, THE JUSTICE FOR ALL REAUTHORIZATION ACT, PREA, WITH SUPPLEMENTAL MOTION TO COMPEL EXPANDED DISCLOSURES, PUBLIC ACCOUNTABILITY, AND PREA ENFORCEMENT UNDER OMB CONTROL NO. 1121-0329**

NOW COMES Plaintiff, James Earl Ferguson, Jr., pursuant to Federal Rule of Civil Procedure 37 and 5 U.S.C. § 552(a)(4)(B), and respectfully moves this Court to compel Defendants—the U.S. Department of Justice (DOJ), the U.S. Department of the Treasury, and relevant officials—to immediately disclose all records unlawfully withheld relating to PREA enforcement, noncompliance certifications, clawback/recoupment obligations, and agency communications in violation of FOIA, PREA, the Justice for All Reauthorization Act of 2016, and the Constitution.

**Plaintiff further requests issuance of a Writ of Mandamus to enforce ministerial, statutorily required acts under 34 U.S.C. §§ 30307(e), 30308, and related legal authority.**

## I. INTRODUCTION

This case arises from the DOJ and Treasury's prolonged refusal to disclose records lawfully requested under FOIA and mandated by PREA. Defendants have failed to comply with their statutory and constitutional duties to publish annual PREA noncompliance reports, enforce financial penalties for violations, and respond fully to lawful FOIA requests. This failure undermines congressional findings, agency transparency, and the rights of taxpayers and victims under the U.S. Constitution. This Motion seeks the Court's urgent intervention to uphold the public's right to transparency, enforce statutory mandates under the Prison Rape Elimination

PLAINTIFF MOTION TO ISSUE WRIT OF MANDAMUS AND PLAINTIFF'S MOTION TO COMPEL FULL DISCLOSURE AND ENFORCEMENT OF STATUTORY TRANSPARENCY UNDER FOIA, THE JUSTICE FOR ALL REAUTHORIZATION ACT, PREA, WITH SUPPLEMENTAL MOTION TO COMPEL EXPANDED DISCLOSURES, PUBLIC ACCOUNTABILITY, AND PREA ENFORCEMENT UNDER OMB CONTROL NO. 1121-0329

CASE NO: 3:25-CV-50058

Act (PREA), and prevent continued suppression of records revealing violations of civil rights and federal oversight failures. Failure to Enforce Financial Clawbacks/RECOUP • DOJ and Treasury have failed to enforce 34 U.S.C. § 30308 AND THE JUSTICE FOR ALL REAUTHORIZATION ACT, allowing grantees in noncompliance to retain and applications for federal funds AND FEDERAL BENEFITS AGAINST THE **CONGRESS' FINDINGS AND PURPOSE UNDER 34 U.S.C. 30301/ 34 U.S.C. 30302 and In the law 34 U.S.C. 30307: Adoption and effect of national standards** (e) **Eligibility for Federal funds** (3) **Report on non-compliance:** <u>Not later than September 30 of each year</u>, the "<u>Attorney General" shall publish a report listing each grantee that is not in compliance</u> with the national standards adopted pursuant to subsection (a), and 34 U.S.C. 30308.

Congress' Findings are in PREA, in part because:

"Members of the public and government officials are largely unaware of the **epidemic** character of prison rape and the day-to-day horror experienced by victimized inmates." – 34 U.S.C. § 30301(12)

<u>**"The high incidence of sexual assault within prisons involves actual and potential violations of the United States Constitution. In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court ruled that deliberate indifference to the substantial risk of sexual assault violates prisoners' rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment. The Eighth Amendment rights of State and local prisoners are protected through the Due Process Clause of the Fourteenth Amendment."**</u> – 34 U.S.C. § 30301(13)

Congress explicitly authorized enforcement through Section 5 of the Fourteenth Amendment, noting that States that fail to adopt basic preventive standards are not entitled to the same level of federal benefits. The statutory obligation to track and publish PREA compliance and financial penalties is neither discretionary nor optional—it is central to the Act's purpose under 34 U.S.C. 30302.

Defendants have refused to comply with these obligations and failed to release records pursuant to FOIA, violating both statutory and constitutional principles.

**II. LEGAL FRAMEWORK**

A. FOIA and Statutory Transparency Duties

• 5 U.S.C. § 552 requires disclosure of agency records unless a valid exemption applies.

PLAINTIFF MOTION TO ISSUE WRIT OF MANDAMUS AND PLAINTIFF'S MOTION TO COMPEL FULL DISCLOSURE AND ENFORCEMENT OF STATUTORY TRANSPARENCY UNDER FOIA, THE JUSTICE FOR ALL REAUTHORIZATION ACT, PREA, WITH SUPPLEMENTAL MOTION TO COMPEL EXPANDED DISCLOSURES, PUBLIC ACCOUNTABILITY, AND PREA ENFORCEMENT UNDER OMB CONTROL NO. 1121-0329

CASE NO: 3:25-CV-50058

• 34 U.S.C. § 30307(e)(3) mandates DOJ publish a list by September 30 each year of grantees not in PREA compliance. Unlawful Withholding of PREA Compliance Reports

- DOJ has failed to disclose mandatory annual NON-compliance reports under 34 U.S.C. § 30307(e)(2)–(3);

  - **34 U.S.C. 30307. Adoption and effect of national standards**
  - **(a) Publication of proposed standards**
  - **(b) <u>Applicability to Federal Bureau of Prisons</u>**
  - **(c) <u>Applicability to detention facilities operated by the Department of Homeland Security</u>**
  - **(d) <u>Applicability to custodial facilities operated by the Department of Health and Human Services</u>**
  - **(e) Eligibility for Federal funds**
  - **(3) Report on non-compliance: <u>Not later than September 30 of each year</u>**, the "<u>Attorney General</u>" <u>shall publish a report listing each grantee that is not in compliance</u> with the national standards adopted pursuant to subsection (a).

• DOJ has failed to demonstrate any legal exemption or justify the nondisclosure.

• 34 U.S.C. § 30308 requires DOJ to reduce or recover or recoup federal funds from noncompliant entities.

B. Constitutional Violations

• Farmer v. Brennan, 511 U.S. 825 (1994): Deliberate indifference to sexual violence in prisons violates the Eighth Amendment UNDER 34 u.s.c. 30301 (13)

• PREA was enacted under Congress's Section 5 authority of the Fourteenth Amendment to prevent these violations.

• DOJ's refusal to act violates the public's Fifth and Fourteenth Amendment rights to due process and equal protection.

C. Mandamus Authority

A writ of mandamus is warranted when:

**LEGAL BASIS FOR WRIT OF MANDAMUS:**

1. The defendant has a clear legal duty to perform a ministerial act, In the law 34 U.S.C. 30307. Adoption and effect of national standards (e) Eligibility for Federal funds (3) Report on non-compliance: <u>Not later than September 30 of each year</u>, the "<u>Attorney General</u>" <u>shall publish a</u>

PLAINTIFF MOTION TO ISSUE WRIT OF MANDAMUS AND PLAINTIFF'S MOTION TO COMPEL FULL DISCLOSURE AND ENFORCEMENT OF STATUTORY TRANSPARENCY UNDER FOIA, THE JUSTICE FOR ALL REAUTHORIZATION ACT, PREA, WITH SUPPLEMENTAL MOTION TO COMPEL EXPANDED DISCLOSURES, PUBLIC ACCOUNTABILITY, AND PREA ENFORCEMENT UNDER OMB CONTROL NO. 1121-0329

CASE NO: 3:25-CV-50058

<u>report listing each grantee that is not in compliance</u> with the national standards adopted pursuant to subsection (a).

2. The plaintiff has a clear right to the performance of that duty, and

3. There is no other adequate remedy available at law. (Cheney v. U.S. Dist. Ct., 542 U.S. 367 (2004); Heckler v. Ringer, 466 U.S. 602 (1984)).

Here:

• DOJ has a statutory duty under 34 U.S.C. § 30307(e)(2)-(3) to shall publish report of each grantee/state in noncompliant with PREA certifications annually, and under 34 U.S.C. § 30308 to enforce federal grant clawbacks/recoup;

• DOJ is subject to mandatory disclosure requirements under 5 U.S.C. § 552 (FOIA);

• DOJ had known the Plaintiff has no other remedy—administrative appeal has failed (Appeal No. A-2025-00773), and the documents remain unlawfully withheld.

Thus, mandamus is warranted.

D. VIOLATION OF THE JUSTICE FOR ALL REAUTHORIZATION ACT

The Justice for All Reauthorization Act of 2016 strengthened the mandates DOJ oversight, transparency, and compliance enforcement in criminal justice grantmaking. Under this statute:

• DOJ must track and report performance of grant recipients, including PREA funding streams;

• DOJ shall clawback/recoup funds from noncompliant grantees/states, and disclose oversight failures.

Defendants' refusal to produce PREA enforcement data undermines the Act's purpose under 34 U.S.C 30302 and defrauds congressional intent in the Findings under 34 U.S.C. 30301.

**Failure to Enforce Financial Clawbacks/RECOUP**

• DOJ and Treasury have failed to enforce 34 U.S.C. § 30308 AND THE JUSTICE FOR ALL REAUTHORIZATION ACT, allowing noncompliant grantees to retain federal funds AND FEDERAL BENEFITS AGAINST THE CONGRESS' FINDINGS AND PURPOSE UNDER 34 U.S.C. 30301/ 34 U.S.C. 30302

**III. FACTUAL BACKGROUND**

1. FOIA Compliance Failures

PLAINTIFF MOTION TO ISSUE WRIT OF MANDAMUS AND PLAINTIFF'S MOTION TO COMPEL FULL DISCLOSURE AND ENFORCEMENT OF STATUTORY TRANSPARENCY UNDER FOIA, THE JUSTICE FOR ALL REAUTHORIZATION ACT, PREA, WITH SUPPLEMENTAL MOTION TO COMPEL EXPANDED DISCLOSURES, PUBLIC ACCOUNTABILITY, AND PREA ENFORCEMENT UNDER OMB CONTROL NO. 1121-0329

CASE NO: 3:25-CV-50058

- DOJ HAS KNOWN Plaintiff submitted multiple FOIA requests (e.g., 25-FOIA-00306) and an administrative appeal (A-2025-00773).

- DOJ acknowledged existence of records and released only four pages.

- DOJ failed to release the PREA compliance/noncompliance records required by law, DOJ ACTS TO Unlawful Withholding of PREA Compliance Reports

  - DOJ has failed to disclose mandatory annual NON-compliance reports under 34 U.S.C. § 30307(e)(2)–(3);

  - DOJ has failed to demonstrate any legal exemption or justify the nondisclosure.

2. PREA Reporting Failures (34 U.S.C. § 30307(e)(3))

- DOJ has not published PREA noncompliance reports for FY2015–FY2024 as required, In the law 34 U.S.C. 30307. Adoption and effect of national standards (e) Eligibility for Federal funds (3) Report on non-compliance: <u>Not later than September 30 of each year</u>, the "<u>Attorney General" shall publish a report listing each grantee that is not in compliance</u> with the national standards adopted pursuant to subsection (a).

- DOJ has offered no legal justification or explanation for this failure.

3. Financial Clawback/RECOUP Failures (34 U.S.C. § 30308 and JUSTICE FOR ALL REAUTHORIZATION ACT)

- DOJ and Treasury have not recouped federal funds from states falsely certifying compliance, in violation of congressional intent and statutory mandate.

- DOJ and Treasury have failed to enforce 34 U.S.C. § 30308 AND THE JUSTICE FOR ALL REAUTHORIZATION ACT, allowing noncompliant grantees to retain federal funds AND FEDERAL BENEFITS AGAINST THE CONGRESS' FINDINGS AND PURPOSE UNDER 34 U.S.C. 30301/ 34 U.S.C. 30302

**IV. SUPPLEMENTAL MOTION TO COMPEL DISCLOSURE UNDER OMB NO. 1121-0329**

OMB NO. 1121-0329 & PREA COMPLIANCE PROGRAM

Under the Paperwork Reduction Act (44 U.S.C. § 3501 et seq.), the Office of Management and Budget (OMB) assigns control numbers to federal information collection programs that affect the public. DOJ's PREA State Certification and Assurance program is governed by OMB No. 1121-0329, which requires:

PLAINTIFF MOTION TO ISSUE WRIT OF MANDAMUS AND PLAINTIFF'S MOTION TO COMPEL FULL DISCLOSURE AND ENFORCEMENT OF STATUTORY TRANSPARENCY UNDER FOIA, THE JUSTICE FOR ALL REAUTHORIZATION ACT, PREA, WITH SUPPLEMENTAL MOTION TO COMPEL EXPANDED DISCLOSURES, PUBLIC ACCOUNTABILITY, AND PREA ENFORCEMENT UNDER OMB CONTROL NO. 1121-0329

CASE NO: 3:25-CV-50058

- Annual submission of PREA compliance certifications or assurances by state and territorial governments;

- Publication of each noncompliant grantee/states under 34 U.S.C. § 30307(e)(2)–(3);

- Disclosure of federal grant funding penalties and compliance status;

- Program-level transparency enabling the public to assess whether taxpayer funds are being allocated lawfully and equitably.

DOJ's failure to disclose PREA noncompliance records from FY2015-FY2024 undermines not only the statutory purpose of PREA, but also OMB's public access mandate under the Paperwork Reduction Act and related regulatory guidance.

## V. COMMON LAW AND PRECEDENT

- Nixon v. Warner Commc'ns, 435 U.S. 589 (1978): Public access to records is presumed unless narrowly overridden.

- Judicial Watch, Inc. v. DOJ, 365 F.3d 1108 (D.C. Cir. 2004): FOIA mandates prompt, full disclosure absent explicit exemption.

- Silvestri v. Gen. Motors Corp., 271 F.3d 583 (4th Cir. 2001): Sanctions may apply for spoliation or concealment.

Black's Law Dictionary defines fraudulent concealment as "the suppression of facts a party has a legal duty to disclose."

## VI. RELIEF REQUESTED

Plaintiff respectfully requests this Court:

1. Compel disclosure of all PREA-related records for FY2015–FY2024, including:

- Noncompliance reports under 34 U.S.C. § 30307(e)(3); Unlawful Withholding of PREA Non-Compliance Reports, In the law 34 U.S.C. 30307. Adoption and effect of national standards (e) Eligibility for Federal funds (3) Report on non-compliance: <u>Not later than September 30 of each year</u>, the "<u>Attorney General" shall publish a report listing each grantee that is not in compliance</u> with the national standards adopted pursuant to subsection (a).

- DOJ has failed to demonstrate any legal exemption or justify the nondisclosure.

- Internal DOJ/Treasury communications;

PLAINTIFF MOTION TO ISSUE WRIT OF MANDAMUS AND PLAINTIFF'S MOTION TO COMPEL FULL DISCLOSURE AND ENFORCEMENT OF STATUTORY TRANSPARENCY UNDER FOIA, THE JUSTICE FOR ALL REAUTHORIZATION ACT, PREA, WITH SUPPLEMENTAL MOTION TO COMPEL EXPANDED DISCLOSURES, PUBLIC ACCOUNTABILITY, AND PREA ENFORCEMENT UNDER OMB CONTROL NO. 1121-0329

CASE NO: 3:25-CV-50058

- Grant clawback/recoupment documentation under 34 u.s.c. § 30308 AND all OTHER RELEVANT LAW.

2. Issue a Writ of Mandamus requiring DOJ to fulfill its ministerial duties to publish noncompliance and financial clawback and recoup actions;

3. Declare DOJ's failure a violation of FOIA, PREA, Justice For All Reauthorization Act, other relevant statutory law and the Constitution;

4. Order expedited rolling disclosures under FOIA;

5. Impose sanctions for spoliation or fraudulent concealment, if appropriate;

6. Direct DOJ to provide a public access portal under OMB No. 1121-0329 for real-time PREA compliance and funding transparency;

7. Grant any other relief this Court deems just and proper in defense of public accountability, civil rights, and fiscal oversight.

Respectfully submitted,

James Earl Ferguson, Jr.

1502 Clifton Avenue

Rockford, IL 61102

225-236-6395

ezfy2025@gmail.com

PLAINTIFF MOTION TO ISSUE WRIT OF MANDAMUS AND PLAINTIFF'S MOTION TO COMPEL FULL DISCLOSURE AND ENFORCEMENT OF STATUTORY TRANSPARENCY UNDER FOIA, THE JUSTICE FOR ALL REAUTHORIZATION ACT, PREA, WITH SUPPLEMENTAL MOTION TO COMPEL EXPANDED DISCLOSURES, PUBLIC ACCOUNTABILITY, AND PREA ENFORCEMENT UNDER OMB CONTROL NO. 1121-0329