UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JAMES EARL FERGUSON, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 25 C 50058 ) |
| U.S. DEPARTMENT OF JUSTICE and the U.S. ATTORNEY GENERAL, in her official capacity, | ) Judge Johnston ) Magistrate Judge Schneider ) ) |
| Defendants. | ) ) |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants U.S. Department of Justice, and the U.S. Attorney General, in her official capacity, through their attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, move for a protective order holding all discovery in abeyance pending resolution of a motion for summary judgment, and states as follows:

1. In his complaint, *pro se* plaintiff James Earl Ferguson asserts one count under the Freedom of Information Act for improper withholding of public records. Ferguson alleges that he submitted, "FOIA requests to the DOJ's Office of Legal Counsel, Office of Justice Programs, and Bureau of Justice Assistance," but has not received responses to his requests. Dkt. 14, p. 2.

2. This court entered an order on April 8, 2025, set an initial status hearing for May 20, 2025, and requested the parties to jointly complete and file an initial status report by May 13, 2025. Dkt. 17. Completing the court's joint initial status report form, requires parties, to confer and propose information about the scope and length of fact discovery. The undersigned conferred with the plaintiff who indicated that he intends to take some fact discovery in this case.

3. Since Plaintiff filed his complaint, the DOJ have completed production of non-exempt records in response to two of the three FOIA requests submitted by Ferguson. However, in lieu of producing some records, exemptions were made pursuant to exemptions 4, 5, and 6 of FOIA.

4. Exemption 4 protects from disclosure "(1) commercial and financial information, (2) obtained from a person or by the government, (3) that is privileged or confidential." 5 U.S.C. § 552(b)(4). Exemption 5 protects "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 6 protects information contained in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

5. The district judge should review the DOJ's responses to Ferguson in the context of a motion for summary judgment and assess before considering whether any discovery should be permitted in this case. "FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citing *Bigwood v. U.S. Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 73 (D.D.C. 2007). "The agency is entitled to summary judgment if no material facts are genuinely in dispute and the agency demonstrates that its search for responsive records was adequate, that any exemptions claimed actually apply, and that any reasonably segregable non-exempt parts of records have been disclosed after redaction of exempt information." *Prop. of the People, Inc. v. Off. of Mgmt. & Budget*, 330 F. Supp. 3d 373, 380 (D.D.C. 2018) (citation omitted).

6. Discovery in a FOIA case is the exception, not the rule. *Asarco v. EPA*, 2009 WL 1138830, *1 (D.D.C. Apr. 28, 2009) (citing "the consistent holding in case after case that discovery is not favored" in FOIA cases and is "only allowed under rare circumstances"); *Canning v. DOJ*, 2013 WL 1333422, *1 (D.D.C. Apr. 2, 2013) ("discovery in FOIA cases is rarely allowed"); *Justice v. IRS*, 798 F. Supp. 2d 43, 47 (D.D.C. 2011) ("discovery is disfavored" in FOIA actions), *aff'd*, 485 F. App'x 439 (D.C. Cir. 2012) (per curiam).

7. The basic premise of a FOIA case is that, if an agency's motion for summary judgment is supported by reasonably detailed, good-faith affidavits that establish the absence of a factual question, then summary judgment for the agency is warranted and no discovery is necessary. *E.g.*, *Riccardi v. DOJ*, 32 F. Supp. 3d 59, 61 (D.D.C 2014). The notion that discovery should not be permitted generally in FOIA cases makes sense because a FOIA case is about whether documents should be disclosed, and permitting discovery could amount to granting complete relief before ever reaching the merits.

8. Here, it is the DOJ's FOIA *response* to Ferguson that is at issue in the case — not the contents of any underlying documents themselves (if such documents even exist). The legality of the response is a question of law for which discovery is not required. When discovery is allowed in a FOIA case — a rare event — it comes *after* the agency has submitted declarations in support of summary judgment, not at the case's initial stages. *Becker v. IRS*, 34 F.3d 398, 406 (7th Cir. 1994) (holding that district court acted within its discretion when it did not allow discovery before granting agency's summary judgment motion, as district court "must have been satisfied" by the summary judgment papers "that discovery was unnecessary"); *Cole v. Rochford*, 285 F. Supp. 3d 73, 77-78 (D.D.C. 2018) (denying discovery where agency had not yet moved for summary judgment); *North v. DOJ*, 729 F. Supp. 2d 74, 77-78 (D.D.C 2010) (denying discovery and noting

3

that the issue can be revisited after summary judgment); *Thompson v. United States*, 2010 WL 231782, *2-3 (E.D. Va. Jan. 19, 2010) (collecting cases).

9. Rather than the court entering a case management order that commences the period for fact discovery, Defendant proposes to file a status report in 30 days on the progress of records production in response to Ferguson's outstanding FOIA request.

WHEREFORE, defendants request that this court stay any discovery in this case pending resolution of a motion for summary judgment.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Ifeanyi C. Mogbana
    IFEANYI C. MOGBANA
    Assistant United States Attorney
    327 South Church Street, Suite 3300
    Rockford, Illinois 61101
    (815) 987-4444
    ifeanyi.mogbana@usdoj.gov

## Certificate of Service

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**<u>DEFENDANT'S MOTION FOR PROTECTIVE ORDER</u>**

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on May 12, 2025, to the following non-ECF filers:

> James Earl Ferguson Jr.
> 1502 Clifton Avenue
> Rockford, Illinois 61102

> s/ Ifeanyi C. Mogbana
> IFEANYI C. MOGBANA
> Assistant United States Attorney
> 327 South Church Street, Suite 3300
> Rockford, Illinois 61101
> (815) 987-4444
> ifeanyi.mogbana@usdoj.gov