IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| James Earl Ferguson Jr., | |
| Plaintiff, | Case No.: 25-cv-50058 |
| v. | Judge Iain D. Johnston |
| U.S. Department of Justice, et al., | |
| Defendants. | |

**MEMORANDUM AND ORDER**

*Pro se* Plaintiff James Earl Ferguson sued the Department of Justice ("DOJ") and the Attorney General. He seeks (i) a declaratory judgment that DOJ violated the Freedom of Information Act ("FOIA") by "unlawfully withholding requested records," (ii) "[a]n injunction compelling DOJ to release documents immediately," and (iii) "[e]xpedited court-ordered disclosure to prevent further obstruction of government accountability." Dkt. 14 ¶ 3. He then moved for summary judgment, dkt. 27, and Defendants responded, dkt. 58. Defendants moved for summary judgment, dkt. 37, 51 and, after correcting the filing, included the appropriate Rule 56.1 and 56.2 materials. Dkt. 52-54. Ferguson responded, dkt. 42, 43, 48, 56, and Defendants replied. Dkt. 69, 70. The summary judgment motions having been fully briefed, the matter is before the court on the party's cross motions for summary judgment.

Ferguson has also filed motions including: a motion for a criminal referral, dkt. 41, a motion for sanctions, dkt. 45, and several other assorted motions, *see* dkt. 61, 63, 64, 65, 68, 68, 71, 72, and 73.

For the following reasons, Defendants' motion for summary judgment is granted and Ferguson's motion is denied. Ferguson's remaining motions are dismissed as moot as a result.

**Background**

Ferguson claims that he submitted FOIA requests to the Department of Justice Office of Legal Counsel, Office of Justice Programs, and Bureau of Justice Assistance requesting certain materials related to the Prison Rape Elimination Act and the Justice for all Reauthorization Act. Dkt. 14 ¶¶ 1, 2; Dkt. 27 at 2. He claims that DOJ failed to produce responsive documents, issue a proper denial, or issue a final determination within 20 days. Dkt. 27 at 2.

For its part, DOJ claims that it directed Mr. Fergurson to the proper component of the DOJ, provided responsive records, and properly applied applicable FOIA exemptions. Dkt. 53 ¶¶ 6, 16, 17, 25, 30.

**Discussion**

**Local Rule Compliance**

As a pro se litigant, Ferguson's filings are interpreted liberally. *Small v. Woods*, 146 F.4th 590, 597-98 (7th Cir. 2025). "The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). However, he must nevertheless follow the rules of civil procedure and substantive law. *Faretta v. California*, 422 U.S. 806, 834-35 n. 46 (1975); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009).

Local Rule 56.1 explains in great detail what a party is required to do when presenting a motion for summary judgment. The rule requires a party seeking summary judgment to file a statement of material facts supported by citations to specific evidence and a memorandum of law with direct citations to the statement of material facts or other supporting material. N.D. Ill. L.R. 56.1(a). Failure to comply can result in denial of the motion. N.D. Ill. L.R. 56.1(a)(3). A party opposing summary judgment must file their own memorandum of law and include citations to evidence if they wish to either dispute the opposing party's facts or assert their own additional facts. N.D. Ill. L.R. 56.1(b). Failure to dispute facts with specific citations to evidence may result in their admission. N.D. Ill. L.R. 56.1(e)(3). District courts are entitled to strict compliance with the rule. *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011).

Mr. Fergurson has not complied with the local rules because he has not provided citations to evidence in his motions and responses. This alone merits denying his motion for summary judgment. The Court proceeds to discuss the merits of the claim to resolve Defendants' motion for summary judgment and in hopes of providing a final resolution to this lawsuit.

**Summary Judgment**

Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). On cross-motions for

summary judgment the court views the record and draws "all reasonable inferences in the light most favorable to the party against whom the motion was filed." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019).

Mr. Fergurson's complaint claimed that DOJ violated FOIA. Dkt. 14 ¶ 1. FOIA requires federal agencies to disclose records in their possession, subject to nine exemptions. *Enviro Tech Int'l, Inc. v. U.S. E.P.A.*, 371 F.3d 370, 374 (7th Cir. 2004) (citing 5 U.S.C. § 552(a), (b)). "Disclosure is required unless the requested record is clearly exempted from disclosure by the statute." *Enviro Tech*, 371 F.3d at 374.

An agency can prevail if it "has [not] (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). The agency must conduct an adequate search and properly apply statutory exemptions. *Stevens v. United States Dep't of State*, 20 F.4th 337, 342 (7th Cir. 2021).

To prevail on summary judgment concerning the adequacy of the search, the government "must show that there is no genuine issue of material fact about the adequacy of its records search." *Rubman v. U.S. Citizenship & Immigration Servs.*, 800 F.3d 381, 387 (7th Cir. 2015). The government "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Id.* Courts presume that the government acted in good faith. *Henson v. Dep't of Health & Human Servs.*, 892 F.3d 868, 875 (7th Cir. 2018). Non-conclusory "reasonably detailed" affidavits describing the search can support this presumption. *Id.* In response, the requester

4

can offer evidence that questions the adequacy of the agency's search. *Rubman*, 800 F.3d at 387. The evidence should suggest that there is "some reason to think that the document would have turned up if the agency had looked for it." *Patterson v. Internal Revenue Serv.*, 56 F.3d 832, 836 (7th Cir. 1995) (citations omitted). This is a low bar because "neither the requester nor the court know the content of the agency's records." *Rubman*, 800 F.3d at 387. The issue is not whether the agency has additional records but whether the search "was performed reasonably and in good faith." *Id.*

The government has presented enough evidence to allow the Court to conclude that DOJ completed an adequate search. An affidavit by Monica Potter-Johnson explains how OJP searched the databases that would contain the information Mr. Fergurson sought in request number 22-FOIA-00335. Dkt. 53 Ex. C. The affidavit complies with the requirement to be "reasonably detailed" by describing "the kind of search performed." *Henson*, 892 F.3d at 875. The affidavit also explains how Tom Talbot searched the databases that would contain information responsive to FOIA requests 24-FOIA-00545 and 25-FOIA-00306. Dkt. 53 Ex. C. The affidavit and accompanying letters indicate that DOJ conducted an adequate search. In contrast, Mr. Fergurson has not presented evidence that the search was inadequate. He does not support his assertions that DOJ failed to provide documents with citations to the record. Courts disregard unsworn statements for the purposes of summary judgment. *Zavala-Alvarez v. Darbar Mgmt., Inc.*, 617 F. Supp. 3d 870, 886 (N.D. Ill. 2022).

5

Although Mr. Fergurson takes issue with the presumption of good faith that agencies enjoy in FOIA litigation, the rule is well settled. *Stevens*, 20 F.4th at 342. Because the government has presented a reasonably detailed affidavit describing reasonable search methods and Mr. Fergurson has not provided any contrary evidence, a reasonable jury could not dispute that DOJ's search was reasonable. Although Mr. Fergurson asserts that DOJ never produced records, DOJ has shown otherwise, producing letters indicating that records were sent to Mr. Fergurson. Dkt. 53 Ex. C. Mr. Fergurson's unsupported statements do not raise a dispute about this evidence.

Mr. Fergurson could also prevail if DOJ failed to carry its burden that a FOIA exemption applies. 5 U.S.C. § 552(b). DOJ has raised three exemptions. Exemption 4 protects commercial or financial information. 5 U.S.C. § 552(b)(4). Exemption 5 protects internal communications. 5 U.S.C. § 552(b)(5). Exemption 6 protects the personal information of third parties. 5 U.S.C. § 552(b)(6). Although the exemptions are construed narrowly, summary judgment in favor of the agency is appropriate "only if 'the agency affidavits describe the documents withheld and the justifications for nondisclosure in enough detail and with sufficient specificity to demonstrate that material withheld is logically within the domain of the exemption claimed.'" *Patterson*, 56 F.3d at 835-36 (7th Cir. 1995) (quoting *PHE, Inc. v. U.S. Dep't of Justice*, 983 F.2d 248, 250 (D.C. Cir. 1993)).

In this case, a *Vaughn* index provides a reasonably detailed explanation for the application of the exemptions. Dkt. 53 Ex. C. Mr. Fergurson has not provided the Court with evidence that calls into question the index.

There is no genuine dispute of material facts here as to whether Defendants conducted an adequate search or appropriately applied statutory exemptions. Defendants provided evidence suggesting that they conducted an adequate search and properly applied the exemptions. Mr. Ferguson has not presented any evidence from which a reasonable jury could conclude that Defendants did not perform an adequate search, acted in bad faith, inappropriately applied an exemption, or withheld documents it should not have. Because they complied with FOIA's requirements, Defendants are entitled to summary judgment on Mr. Fergurson's claim, and Mr. Ferguson's Motion for Summary Judgment must be denied.

**Other Motions**

Mr. Fergurson has made several other motions seeking sanctions, criminal sanctions, an order compelling publication of government records and more. The Court understands and appreciates Ferguson's desire to seek resolution through the judicial process. However, Mr. Ferguson's complaint concerned compliance with FOIA and it is that dispute the Court has now resolved. Mr. Fergurson's other motions are now moot and are dismissed.

**Conclusion**

The Court grants Defendants' motion for summary judgment and denies Mr. Ferguson's motion for summary judgment. Because the Court grants Defendants'

7

motion for summary judgment and denies Mr. Ferguson's, Mr. Ferguson's other motions are moot, and they are dismissed.

Entered: October 6, 2025     By: _____
                                 Iain D. Johnston
                                 U.S. District Judge